UNITED STATES of America

v.

Walter J. HIMMELREICH, Appellant.

No. 09–3621.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Dec. 23, 2009.

Filed: Jan. 28, 2010.

James T. Clancy, Esq., Office of United
States Attorney, Harrisburg, PA, for Unit-
ed States of America.

Walter J. Himmelreich, Lisbon, OH, pro
se.

Before: BARRY, FISHER and VAN
ANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.

Walter J. Himmelreich, proceeding *pro
se*, appeals from the District Court's Au-
gust 14, 2009 order denying his motion for
a temporary restraining order and a pre-
liminary injunction. Because we conclude
that this appeal presents no substantial
question, we will summarily affirm. *See*
3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Himmelreich is confined at the Federal
Correctional Institution—Elkton after
pleading guilty to production of child por-
nography. In December 2006, the District
Court sentenced him to 240 months of
incarceration, plus in restitution and other

penalties.[1] In July 2009, Himmelreich filed a motion seeking to vacate his conviction pursuant to 28 U.S.C. § 2255. On August 13, 2009, Himmelreich filed a motion for a temporary restraining order and a preliminary injunction, requesting that the District Court compel the Bureau of Prisons ("BOP") to cease its collections system under the Inmate Financial Responsibility Program ("IFRP").

Himmelreich states that he is a member of a class of inmates sentenced after April 24, 1996, and is therefore subject to the Mandatory Victim Restitution Act ("MVRA"). He claims that the sentencing court did not establish a payment schedule detailing how he would repay his restitution order and fine while incarcerated. He relies on *United States v. Corley*, 500 F.3d 210 (3d Cir.2007), *judgment vacated*, —— U.S. ——, 129 S.Ct. 1558, 173 L.Ed.2d 443 (2009), in which we held that a restitution order that delegates to the BOP how a defendant will pay restitution while incarcerated constitutes an improper delegation of judicial function. He further claims that the BOP "illegally coerced" him into signing a payment plan contract. He argues that the BOP lacks the authority to withhold his prison wages through the IFRP, and that the program as applied to him constitutes an unconstitutional taking. The District Court denied the motion after finding that Himmelreich failed to demonstrate any immediate injury sufficient to qualify for a temporary restraining order and failed to meet the requirements for a preliminary injunction. Himmelreich filed a timely appeal.

"As a general proposition, orders granting or denying temporary restraining orders are unappealable." *Nutrasweet Co. v. Vit–Mar Enters., Inc.,* 112 F.3d 689, 692 (3d Cir.1997). However, we do have appellate jurisdiction over the order denying Himmelreich's motion for a preliminary injunction under 28 U.S.C. § 1292(a)(1). "We review the denial of a preliminary injunction for an abuse of discretion, an error of law, or a clear mistake in the consideration of proof." *Kos Pharms., Inc. v. Andrx Corp.,* 369 F.3d 700, 708 (3d Cir.2004) (internal quotations omitted).

 A preliminary injunction is "an extraordinary remedy" that should be granted only if the plaintiff shows: "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Id.* The District Court found it unlikely that Himmelreich could show an improper delegation to the BOP, given that the judgment provides that the restitution is due immediately, and further provides for a fifty dollars per month payment schedule for any remaining unpaid balance upon commencement of his supervised release. The District Court also found that the public interest in compensating victims of child pornography and in enforcing restitution orders weighs against granting an injunction. After reviewing the record, we agree with the District Court that Himmelreich did not satisfy the criteria for the grant of a preliminary injunction.

For the foregoing reasons, we conclude that the appeal presents no substantial question. Accordingly, we will summarily affirm the District Court's judgment. *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

1. The judgment shows that the restitution is due immediately, payable during his incarceration, and provides for a payment schedule for any remaining amount due upon commencement of supervised release. *See* Judgment, p. 7.